# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **BAR-B-QUE DEPOT, INC.** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | |
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, RISK PLACEMENT SERVICES, INC., TRI-STAR CLAIMS, LLC, TEAM ONE ADJUSTING SERVICES, LLC, TREY ROBERTS, NATIONAL LOSS CONSULTANTS, JOHN KRUEGER, AND KENNETH YASH** | § § § § § § § § § § § | Civil Action No.  1:19-cv-625 |
| **Defendants.** | § | |

### DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") files this Notice of Removal and respectfully shows the following.

**I.   THE COURT HAS DIVERSITY JURISDICTION**

**A.  The Sole Plaintiff and Remaining Defendants are Diverse.**

Removal is proper under 28 U.S.C. § 1446(a)(1) because there is complete diversity of citizenship between Plaintiff and the remaining Defendants. For purposes of diversity of citizenship, Plaintiff Bar-B-Que, Depot, Inc., is a citizen of the State of Texas as the entity is a domestic corporation with its principal place of business located in Vidor, Texas. *See* Ex. 3-1 ¶1. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is

located).

MUSIC is a citizen of the State of New Jersey, being an insurance company formed in New Jersey and having its principal place of business at 40 Wantage Ave., Branchville, New Jersey 07890. *See Hertz Corp.*, 559 U.S. at 80. Risk Placement Services, Inc. ("RPS") is an Illinois corporation with a principal place of business located in Illinois.

Defendants National Loss Consultants ("NLC") and John Krueger ("Krueger") were dismissed on September 25, 2019, as a result of a Motion to Non-Suit filed by Plaintiff on September 24, 2019. *See* Ex. 5-2 and Ex. 6-1. Defendants Team One Adjusting Services, LLC, ("Team One") Trey Roberts ("Roberts"), and Kenneth Yash ("Yash") were dismissed with prejudice on October 21, 2019. *See* Ex. 6-2. Tri-Star Claims, LLC ("Tri-Star") was dismissed by Plaintiff through the filing of "Plaintiff's Motion to Non-Suit Defendant Tri-Star Claims, LLC Without Prejudice" on November 21, 2019. *See* Ex. 5-3.

Thus, MUSIC and RPS are the sole remaining defendants and are diverse in citizenship from the Plaintiff as described above. Based on the foregoing, the remaining parties are completely diverse within the meaning of § 1332(a).

    **B.  The Amount in Controversy Exceeds $75,000.00.**

Plaintiff states that it seeks monetary relief of "between $200,000.00 and $1,000,000.00" Ex. 3-1, ¶ 12 (A.). Therefore, the amount in controversy exceeds the $75,000.00 threshold required to invoke diversity jurisdiction. 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(c)(2); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *Wakefield v. Allstate Veh. & Prop. Ins. Co.,* 2017 WL 4364100 (E.D. Tex. 9/29/2017) (noting that a removing party can satisfy the amount in

controversy burden by demonstrating that from the face of the petition it is likely that the amount of the claims exceed the jurisdictional limit).

### C. The Notice of Removal is filed timely pursuant to 28 U.S.C. §1446(b)(3) and (c).

When a case is not initially removeable, the notice of removal may be filed within thirty (30) days after a defendant receives a copy of an amended pleading, motion, order, or other filing "from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. §1446(b)(3). Plaintiff's Original Petition included non-diverse parties, including though not necessarily limited to the following parties, Krueger, Team One, Roberts, and Tri-Star.

Plaintiff's recent non-suit of Tri-Star constitutes the first time that it could be ascertained that this lawsuit was removeable. Tri-Star was the last remaining non-diverse defendant following the prior dismissals of Krueger, Team One, and Roberts.

Accordingly, MUSIC received a copy of an amended pleading, motion, order, or other filing "from which it may first be ascertained that the case is one which is or has become removeable" on November 21, 2019. Thus, this Notice of Removal is timely filed within thirty (30) days of that date. Furthermore, Plaintiff initiated this lawsuit on August 22, 2019. As a result, this Notice of Removal is filed less than one (1) year since the commencement of the lawsuit. See 28 U.S.C. §1446(c).

## II.   VENUE IS PROPER

Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, under 28 U.S.C. §§ 124(c)(3), 1441 (a), and 1446(a) in that the Eastern District of Texas, Beaumont Division encompasses Orange County, Texas and is "the district and division embracing the place where such action is pending."

### III.   THE REMOVAL SATISFIES SECTION 1446(a) AND LOCAL RULE CV-81

Pursuant to 28 U.S.C. §1446(a) and Local Rule CV-81 (c) attached hereto are: (1) a list of all parties, the party type, and current status for each in the removed case; (2) a civil cover sheet; (3) a certified copy of the state court docket sheet; (4) a copy of all pleadings that state a cause of action and answers to all such pleadings; (5) a copy of all process, pleadings, and orders served upon the party removing the case; (6) a complete list of attorneys involved in the action being removed; (7) a record of which parties have requested a jury trial; and (8) the name and address of the court from which the case was removed.

Pursuant to Local Rule CV-81, MUSIC provides the following information:

**A.  A list of all parties, party type, and current status of each:**

*See* Exhibit 1.

**B.  Certified state court docket:**

See Exhibit 2.

**C.  Copies of all pleadings that state a cause of action and answers to all such pleadings:**

See Exhibits 3 – 1 through 3-4.

**D.  A copy of all process, pleadings, and orders served upon MUSIC:**

See Exhibits 4-1 through 4-8, 5-1 through 5-3, and 6-1 through 6-2.

**E.  List of counsel of record involved in the case:**

<u>Attorney for Plaintiff, Bar-B-Que Depot, Inc.:</u>

John Pat Parsons
State Bar No. 24065876
jparsons@llptx.com
710 N. 11th Street
Beaumont, Texas 77702
(409) 833-1196

<u>Attorneys for Mesa Underwriters Specialty Insurance Company</u>

Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Jeffrey S. Valliere
State Bar No. 24085154
jeffv@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, TX 75204
Telephone: (214) 665-0100

<u>Attorneys for Risk Placement Services, Inc.:</u>

Deanne C. Ayers
State Bar No. 01465820
Julie B. Tebbets
State Bar No. 00793419
dayers@ayersfirm.com
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9000

**F.     A record of which parties have requested a jury trial:**

Plaintiff and RPS have requested a jury trial. The applicable demands are included in Ex. 3-1 and Ex. 3-4. MUSIC intends to file a jury demand with this Honorable Court pursuant to the Federal Rules of Civil Procedure.

**G.     State Court from which the case was removed:**

128th Judicial District Court
801 West Division
Orange, Texas 77630

Pursuant to 28 U.S.C. §1446(d), promptly after MUSIC files this Notice of Removal, written notice of the filing will be given to Plaintiff Bar-B-Que Depot, Inc., and a true copy of this Notice of Removal will be filed with the Clerk of the 128th Judicial District Court, Orange County, Texas. Undersigned counsel has been advised that RPS consents to this removal.

## IV.   PRAYER

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the matter was removed in accordance with section 28 U.S.C. §1446(a) and this Court's Local Rules. Accordingly, Defendant respectfully prays that the United States District Court for the Eastern District of Texas, Beaumont Division, file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi — Attorney in Charge
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
Jeffrey S. Valliere
State Bar No. 24085154
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:   214-665-0199
**ATTORNEYS FOR DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to the following counsel of record.

**ATTORNEY FOR PLAINTIFF**

John Pat Parsons
State Bar No. 24065876
jparsons@llptx.com
710 N. 11th Street
Beaumont, Texas 77702

**ATTORNEY FOR RPS**

Deanne C. Ayers
State Bar No. 01465820
dayers@ayersfirm.com
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034

*/s/ Stephen A. Melendi*
Stephen A. Melendi